**FOX ROTHSCHILD LLP**
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Eric A. Bevan (SBN 252140)
 ebevan@foxrothschild.com
 Telephone: (561) 804-4470
 Facsimile:  (561) 835-9602
Joseph A. Ungaro II (SBN 315190)
 jungaro@foxrothschild.com
 Telephone: (310) 598-4150
 Facsimile:  (310) 391-9828

Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No.:  5:19-cv-1847 |
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF CONTRACT** |
| OLIVET UNIVERSITY, and DOES 1 through 5, | |
| Defendants. | |

///
///
///
///
///
///

- 1 -
**COMPLAINT**

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo") sues Defendant, Olivet University, and Does 1 through 5, inclusive, and states as follows:

## INTRODUCTION

1. Wells Fargo sues Olivet University to recover damages from an overdraft of $97,038.74 in Olivet University's account.

## THE PARTIES

2. Wells Fargo is a national banking association with its main office, as designated in its articles of association, located in Sioux Falls, South Dakota.

3. Olivet University is a corporation registered under the laws of the state of California, with its principal place of business located at 36401 Tripp Flats Road, Anza, California 92539, in the County of Riverside. As used herein, the term "Olivet" shall collectively refer to Olivet University and Does 1 through 5, inclusive.

4. The true names of Defendants Does 1 through 5, inclusive (hereinafter, "Does 1-5"), are unknown to Wells Fargo at this time. Wells Fargo sues those defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474 and Central District of California Local Rule 19-1. Each of the defendants designated as a Doe defendant is alleged to be legally responsible for the claims of Wells Fargo alleged herein. When the true names, involvement, and capacities of Does 1-5 are ascertained, Wells Fargo will seek leave to amend this complaint accordingly.

## JURISDICTION

5. This Court has original jurisdiction over this matter and the defendants under 28 U.S.C § 1332, on the basis that Wells Fargo and Olivet are citizens of different states. Wells Fargo is a citizen of South Dakota and Olivet is a citizen of California.

6. The amount in controversy is $97,038.74, which is in excess of the statutory limit of $75,000 under 28 U.S.C § 1332.

## VENUE

7. Venue is appropriate in this Court under 28 U.S.C. § 1391 as Olivet's principal place of business is within Riverside County, California, which is located

1 within the Central District of California, and a substantial part of the events giving rise
2 to the claim occurred in the Central District of California.
3    8.    Pursuant to Central District of California General Order No. 349, subpart
4 (2), this action is properly assigned to the Eastern Division of the Central District of
5 California because each named defendant resides in the Eastern Division and the
6 plaintiff resides outside of the district.

## COUNT I – BREACH OF CONTRACT
**(Against All Defendants)**

9.  Wells Fargo realleges the foregoing paragraphs 1 through 8, inclusive, as if set forth in full herein.

10. Olivet was the owner of a checking account maintained at Wells Fargo (the "Account").

11. Olivet opened the Account on May 9, 2012, at which time it executed a Business Account Application, a true and correct copy of which is attached hereto as Exhibit "A."

12. The Business Account Application provides that the Account is governed by an account agreement (the "Account Agreement"). A true and correct copy of the Account Agreement is attached hereto as Exhibit "B."

13. Page 23 of the Account Agreement provides that if an account holder incurs an overdraft, the account holder must make a deposit or transfer to promptly return the account to a positive balance. If the account holder fails to do so, the Account Agreement permits Wells Fargo to close the account and initiate collection efforts. The Account Agreement provides for the recovery of attorney's fees and costs for any such efforts.

14. On June 29, 2018, Olivet deposited three checks, each for $50,000 for a total of $150,000, into the Account.

15. Over the next several days, Olivet withdrew, transferred, or otherwise dissipated the $150,000 from the deposited checks.

16. On July 10, 2018, the three deposited checks were returned unpaid by the issuing bank and Wells Fargo reversed the deposit into the Account pursuant to the terms of the Account Agreement.

17. Because Olivet had already removed the $150,000 from the Account, the return of the three checks resulted in an overdraft in the Account.

18. The present amount of the overdraft is $97,038.74 (the "Overdraft"), which is now due and owing and which Olivet has failed to repay in breach of its contractual obligations to Wells Fargo under the Account Agreement.

19. All conditions precedent to this action have occurred or have been performed, or have otherwise been waived or excused.

20. Wells Fargo has performed all obligations required of it under the Account Agreement, except any such obligations that were waived or excused.

21. Olivet has failed and refused, and continues to fail and refuse, to perform all of its obligations under the Account Agreement.

22. Because of Olivet's failure to perform its obligations under the Account Agreement, Wells Fargo has been damaged in the sum of $97,038.74, plus interest, costs, and expenses, no part of which has been paid. Further, pursuant to page 23 of the Account Agreement, Wells Fargo is entitled to recover its attorney's fees and expenses incurred in collecting any overdraft in the Account. Further, as the amount of the damages are liquidated, Wells Fargo is entitled to prejudgment interest from the date of the breach.

///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., respectfully requests a judgment against Defendants, Olivet University and Does 1 through 5, inclusive, and each of them, as follows:

A.  For damages in an amount to be proven at trial but at least $97,038.74

B.  For prejudgment interest according to law;

C.  For an award of costs and expenses incurred in this action;

D.  For an award of attorney's fees and expenses for recovery of the Overdraft as authorized under the Account Agreement; and

E.  For such other relief as the Court deems just and proper.

Dated: September 25, 2019          FOX ROTHSCHILD LLP

By  /s/ Joseph A. Ungaro II
Eric A. Bevan
Joseph A. Ungaro II
Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

- 5 -
COMPLAINT
102603821.v2